IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL WHITEHEAD, | ) |
| | ) |
|     Plaintiff, *pro se* | )   Civil Action No. 3: 24-00083 |
| | )   Judge Nora Barry Fischer |
|     v. | )   Magistrate Judge Christopher B. Brown |
| | ) |
| PENNSYLVANIA DEPT. OF | )   ECF Nos. 28 and 49 |
| CORRECTIONS SCI-SOMERSET | ) |
| FACILITY MANAGER ERIC TICE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court, having completed independent review of this action and considered the Report and Recommendation ("R&R") filed by United States Magistrate Judge Christopher B. Brown on November 5, 2024 (Docket No. 28), together with the Medical Defendants' subsequent Motion to Dismiss filed on August 20, 2025 (Docket No. 49), notes the following procedural history to clarify its Order:

Plaintiff, Carl Whitehead ("Whitehead"), a state prisoner proceeding *pro se*, began this civil rights action in the Court of Common Pleas of Somerset County on February 22, 2024, and it was properly removed on April 16, 2024. (Docket No. 1). Defendants are eight employees of the Pennsylvania Department of Corrections ("DOC") (collectively, "Corrections Defendants"), and two employees of the DOC's third-party medical services provider ("Wellpath"), PA Roxanne

1

Playso and PA Chantel House (together, "Medical Defendants"), all in their individual and official capacities. (*Id.*).[1]

The Medical Defendants filed a Motion to Dismiss and the Corrections Defendants filed a Partial Motion to Dismiss, both under Federal Rule of Civil Procedure 12(b)(6), which the R&R entered by Magistrate Judge Brown on November 5, 2024 recommended be granted. (Docket Nos. 6, 8 and 28, respectively). More specifically, the R&R concludes:

> For the above reasons, it is respectfully recommended both motions to dismiss be granted. Specifically, it is recommended the Medical Defendants' motion to dismiss be granted and all claims against the Medical Defendants (Count VI) be dismissed with prejudice, with leave to amend denied as futile. It is likewise recommended the Corrections Defendants' partial motion to dismiss be granted and Counts I, V, and VII be dismissed with prejudice, with leave to amend denied as futile. It is further recommended all claims for money damages under the Pennsylvania Constitution be dismissed with prejudice.
>
> It is further recommended the Clerk of Court terminate from the docket Medical Defendants Playso and House and Corrections Defendants Gaunther, Tice, Capriotti, Abbott, and Huber.
>
> The following claims have not been challenged and should proceed to discovery: the retaliation claims against Corrections Defendants Machesky (Count II) and Williams (Count IV) and the conspiracy claims against Defendants Williams and Emeigh (Count III).

(Docket No. 28 at 21).

Shortly thereafter, on November 22nd, the case was temporarily stayed and administratively closed pursuant to the Bankruptcy Court's Order issued in Chapter 11 proceedings before the United States Bankruptcy Court for the Southern District of Texas. (Docket No. 30) (citing *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.)). There followed Plaintiff's Objections to both the R&R and the Order of Administrative Closing; the latter was overruled on February 6, 2025.

---

[1] *But see* Docket No. 28 at 6, n. 5 ("Whitehead clarifies in his Reply that he has not brought a claim for professional liability against the Medical Defendants. ECF No. 27, ¶ 22.").

(Docket Nos. 31, 32 and 38).[2]  The case was reopened pursuant to the Bankruptcy Court's Order lifting its stay, on July 1, 2025.  (Docket No. 40). Notice of the initial and opt-out periods duly provided to Plaintiff and the Court by Medical Defendants, and related Orders issued by the Court, followed during July and August, 2025 (Docket Nos. 42, 43, 47 and 48).  During that time, Plaintiff filed a Motion for Emergency Restraining Order and Release (Docket No. 45).[3]

On August 20, 2025, Medical Defendants filed their Motion to Dismiss all claims against them based on Plaintiff's failure to elect to opt out of the Bankruptcy Plan's Third-Party Release. (Docket No. 49) (attaching the related Bankruptcy documentation as an exhibit at Docket No. 49-1).  And shortly thereafter the case was again stayed pursuant to this Court's Administrative Order No. 2025-14, "STAYING CERTAIN ACTIONS AND EXTENDING DEADLINES FOR CIVIL ACTIONS IN WHICH THE PENNSYLVANIA OFFICE OF ATTORNEY GENERAL HAS ENTERED A NOTICE OF APPEARANCE" entered on August 25, 2025 and providing that such stay be lifted effective on or before October 3, 2025.  (Docket Nos. 52 and 53).  A few days later,

---

[2] Plaintiff's four-page Objection to the R&R voices objection to its failure to address asserted motions "for appointment of counsel" and "to strike Medical Defendants' intention to enter judgment of non pros and objection to motion to dismiss". (Docket No. 31 at 1) (citing Docket No. 27, titled as "Omnibus Pretrial Motion").  The Court notes that the cited filing is Plaintiff's Omnibus Response following the Court's August 26, 2024 Order to Show Cause for his failure to file either a reply to the motions to dismiss or an amended complaint by July 31, 2024, as ordered by the Court on June 28th (as an extension from June 24th).  (Docket Nos. 10, 23 and 26).  Moreover, Plaintiff is unentitled to appointment of counsel in this civil action.  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  And despite the filing of a Notice of Intention (Docket No. 4), no Praecipe for Judgment of *Non Pros* For Failure to File a Certificate of Merit was entered by Medical Defendants, who followed with their Motion to Dismiss (Docket No. 6).

Plaintiff also objects to the R&R's findings as to dismissal of the challenged claims for reasons that reflect misunderstandings of the relevant law and its application, which are fully and correctly set forth in the R&R. (Docket No. 31 at 2). (*See also* Docket No. 28).

[3] Plaintiff had previously filed an Emergency Motion for Preliminary Injunction (Docket No. 18) and a motion including a request for a temporary restraining order (Docket No. 16), which were stricken and denied, respectively.  (Docket Nos. 19 and 17).  The Corrections Defendants were directed to respond to the latest Emergency motion.  (Docket No. 46).

Plaintiff filed a Motion for Sanctions against the Correction Defendants, which was denied without prejudice. (Docket Nos. 54 and 56).

Upon the lifting of the above Administrative stay on October 3rd, the Corrections Defendants filed their Response to Plaintiff's pending Motion for Emergency Restraining Order, and that same day Plaintiff was ordered to reply to the Medical Defendants' pending Motion to Dismiss (on grounds of the Bankruptcy discharge of Wellpath's employees) by October 20, 2025 (Docket Nos. 59 and 60). Through the date of this Memorandum Order, there have been no further filings.

Finally, the Court observes that, as noted in the R&R, the following claims have not been challenged: the retaliation claims against Corrections Defendants Machesky (Count II) and Williams (Count IV) and the conspiracy claims against Defendants Williams and Emeigh (Count III). (Docket No. 28 at 21). The Court further notes that Plaintiff's subsequently filed Motion for Emergency Restraining Order [45] remains pending.

## ORDER

AND NOW, this 24th day of October, 2025, upon *de novo* consideration of the aforesaid Report and Recommendation filed by United States Magistrate Judge Christopher B. Brown on November 5, 2024, (Docket No. 28); (b) the Objections thereto filed by Plaintiff (Docket No. 31) and (c) Medical Defendant's Motion to Dismiss on grounds of their Bankruptcy discharge (Docket No. 49); and after undertaking an independent review of the record:

IT IS HEREBY ORDERED that the Medical Defendant's Motion to Dismiss [49], to which Plaintiff filed no timely response, is GRANTED pursuant to the Bankruptcy Court's Plan and Order - under which the Medical Defendants were released and Plaintiff, having failed to opt out,

was enjoined from further proceeding – and all claims against the Medical Defendants (Count VI) are dismissed with prejudice, with leave to amend denied as futile;

IT IS FURTHER ORDERED that Plaintiff's Objections to the Report and Recommendation [31] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation [28] is adopted in substantial part as the Opinion of the Court as follows:

> 1) The Court declines to adopt the recommendation that the Medical Defendants' first Motion to Dismiss [6] be granted as that motion is moot.
>
> 2) The Court otherwise approves and adopts the Report and Recommendation in all respects and therefore the Corrections Defendants' Partial Motion to Dismiss is GRANTED, and Counts I, V, and VII, and all claims for money damages under the Pennsylvania Constitution, are dismissed with prejudice, with leave to amend denied as futile.

IT IS FURTHER ORDERED that the Clerk of Court terminate from the docket Medical Defendants Playso and House and Corrections Defendants Gaunther, Tice, Capriotti, Abbott, and Huber.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record
         Magistrate Judge Christopher B. Brown

CARL WHITEHEAD
EK 5805
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510