IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| CARL WHITEHEAD, | ) |
|     Plaintiff, | ) Civil Action No. 3:24-cv-00083 |
| vs. | ) Senior United States District Judge<br>) Nora Barry Fischer |
| CORRECTIONS OFFICER<br>MACHESKY, SARGEANT WILLIAMS,<br>and MR. EMEIGH, | ) United States Magistrate Judge<br>) Christopher B. Brown |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION RE: MOTION
FOR EMERGENCY RESTRAINING ORDER AND RELEASE, ECF NO. 45**

**Christopher B. Brown, United States Magistrate Judge**

**I.   Recommendation**

Pending before the court is the Motion for Emergency Restraining Order and Release filed by Plaintiff Carl Whitehead, ECF No. 45, and the response in opposition filed by the Corrections Defendants. ECF No. 59. The motion has been referred to the undersigned for a Report and Recommendation. For the reasons that follow, it is recommended the motion be denied.

**II.   Report**

    **A.   Background**

Plaintiff, Carl Whitehead, proceeding pro se, is state prisoner in the custody of the Pennsylvania Department of Corrections at State Correctional Institution at

1

Somerset. Whitehead began this civil rights action in the Court of Common Pleas of Somerset County on February 22, 2024. ECF No. 1-1. The Corrections Defendants removed the case to this Court on April 16, 2024. ECF No. 1. He asserts claims under federal law for violating his constitutional rights under the First, Eighth, and Fourteenth Amendments, as well as claims of state law tort negligence. ECF No. 1-1 at 15-19.

Whitehead alleges the Corrections Defendants failed to protect him by not clearing an icy walkway, subjected him to a pattern of discrimination and harassment, engaged in retaliatory conduct, participated in a civil conspiracy, and obstructed his right of access to courts. *Id.* He also alleges the Corrections Defendants were negligent in not properly clearing an icy walkway, which resulted in him falling and injuring his back. *Id.*

After the ruling on the Corrections Defendants' motion to dismiss, only the following claims remain against the Corrections Defendants:

> Count II: First, Eighth, and Fourteenth Amendment claims against Corrections Defendant Machesky. Whitehead also asserts Machesky's conduct violated Article I, §§ 11, 20, and 26 of the Pennsylvania Constitution; *see* ECF No. 101, ¶¶ 112- 113;
>
> Count III: Conspiracy claims under 42 U.S.C. §§ 1985 and 1986 to violate Whitehead's First Amendment claims against Corrections Defendant Williams and Emeigh; *see id.*, ¶ 114; and
>
> Count IV: First Amendment claim against Corrections Defendant Williams; *see id.*, ¶ 115.

*See* ECF No. 61, adopting in substantial part, Report and Recommendation at ECF No. 28.

Whitehead filed the instant "motion for emergency restraining order and release," which the undersigned deems to be a motion for preliminary injunction under Federal Rule of Civil Procedure 65. ECF No. 45. Whitehead claims that he was "kidnapped from General Population" and placed in a restrictive housing unit ("RHU") from July 18, 2025, to July 24, 2025. ECF No. 45, ¶ 1. As a result of being placed in the RHU, he contends he was "unable to comply with any court order." *Id.* On July 23, 2025, he was allowed inventory of property and access to legal documents, but claims he was not provided an "operational pen" or any other writing tool. *Id.*, ¶ 2.

He also contends he was sentenced to three sanctions associated with his failure to attend a disciplinary hearing in June 2025: "60 day DC, reprimand warning, and 15 days in DC[.]". *Id.*, ¶ 3. He claims that as a result of these sanctions, he does not have access to legal resources. *Id.*, ¶ 5. As relief, he is requesting the Court to conduct "an emergency hearing, where the Court will discover [he] was never served [a misconduct] at anytime between 6-18-25 and 6-24-25 the date the motion was filed." *Id.*, ¶ 4.

The Corrections Defendants filed a response in opposition arguing the motion should be denied because Whitehead is in court with respect to his underlying claims, and therefore he has failed to show that he has been denied his First Amendment right to access the courts. ECF No. 59 at 4.

After reviewing the submissions of the parties, and the applicable law, it is recommended the motion be denied.

B.     **Standard of Review**

Preliminary injunctions motions are governed by Federal Rule of Civil Procedure 65.  The party seeking a preliminary injunction has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm will result if relief is denied; (3) granting preliminary injunction relief will not result in even greater harm to the non-moving party; and (4) granting the preliminary relief will be in the public interest.  *Allegheny Energy, Inc. v. DOE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity.  *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy . . . which should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).  The moving party bears the burden of establishing a "clear showing of immediate irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *See Acierno v. New Castle Cnty.,* 40 F.3d 645, 655 (3d Cir. 1994).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in

4

dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir.1982)).  Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  *Rizzo v. Goode*, 423 U.S. 362, 379 (1976 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928 (1975)).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  *Beard v. Banks*, 548 U.S. 521 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527, (1979).

    **C.**    **Discussion**

With the above considerations in mind, the undersigned finds Whitehead has not demonstrated that preliminary injunctive relief is warranted.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a

'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id*. (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Whitehead's allegations in his motion bear no relation to the action pending,[1] and therefore, is an impermissible basis for seeking injunctive relief as the issuance of a preliminary injunction is to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the merits of the pending lawsuit. *See Acierno,* 40 F.3d at 647.

Alternatively, even if the Court were to assume that Whitehead's requests regarding preliminary injunction were sufficiently related to the complaint, the motion would still fail because he is unable to demonstrate a likelihood of success on the merits. The Supreme Court of the United States has "consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the Courts." *Bounds v. Smith*, 430 U.S. 817, 824 (1977) (*abrogated by Lewis v. Casey*, 518 U.S. 343 (1966)). However, for claims involving inadequate legal supplies, such as paper, pens, and photocopying, a plaintiff must show that the alleged inadequacies resulted in an "actual injury" where the plaintiff was actually

---

[1] In the original complaint, Whitehead alleged Corrections Defendant Gaunther denied him access to the library to make photocopies and as a result his administrative appeal to final review was deemed untimely. ECF No. 101, ¶ 110. That claim has been dismissed as the complaint was void of any allegation that Whitehead had been denied his First Amendment right to access the courts. The alleged conduct of Defendant Gaunther has not caused Whitehead to lose any potentially meritorious claim in this litigation. *See* ECF No. 61, adopting in substantial part, Report and Recommendation at ECF No. 28.
.

6

denied access to the courts. *See Lewis,* 518 U.S. at 351-52. Whitehead has not met this burden.

Whitehead asserts he was not provided an "operational pen or any other writing tool." Even supposing Whitehead was denied necessary legal supplies, he would need to prove that he has suffered or will suffer an "actual injury" as a result of the inadequate supplies. *See Lewis*, 518 U.S. at 351-52. An actual injury is shown only where a nonfrivolous claim, or one of arguable merit, is lost. *Christopher,* 536 U.S. at 415; *see also Monroe,* 536 F.3d at 205. Whitehead cannot just point to alleged lack of materials as a basis for injury; rather, he must show that he has or will suffer a relevant, actual injury because of the lack of materials and this he has not done. Whitehead has not shown that that a loss of legal supplies and access to legal resources has hindered his ability to prosecute this case. Therefore, Whitehead has failed to meet the burden of proof required to demonstrate that he is being denied access to the courts.

### III. Conclusion

For the above reasons, it is recommended Whitehead's motion for emergency restraining order and release, which has been deemed a motion for preliminary injunction, be denied.

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, Whitehead, because he is a non-electronically registered party, must file written objections, if any, to

this Report and Recommendation by **January 2, 2026**.  The Corrections Defendants, because they are electronically registered parties, must file objections, if any, by **December 30, 2025**.   The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983).  *See also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017).

    DATED this 15th day of December, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    CARL WHITEHEAD
    EK 5805
    SCI Somerset
    1600 Walters Mill Road
    Somerset, PA 15510
    (via U.S. First Class Mail)

    Jorden P. Colalella
    Senior Deputy Attorney General
    PA Office of Attorney General
    (via ECF electronic notification)